UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| PATRICK MOERS, | Case No. 2:18-CV-1418 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| DEBRA MARCH, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Patrick Moers' motion to extend. (ECF No. 36). Defendants Barbara Brabenec, Jennifer Fenema, Michael Johnston, Todd Peters, Miranda Ramos, and Clarissa Rockwell filed a response. (ECF No. 37). Moers did not file a reply and the time to do so has passed.

Also before the court is Brabenec, Fenema, Johnston, Peters, Ramos, and Rockwell's motion to strike. (ECF No. 31). Moers filed a response. (ECF No. 38). Brabenec, Fenema, Johnston, Peters, Ramos, and Rockwell did not file a reply and the time to do so has passed.

Also before the court is Brabenec, Fenema, Johnston, Peters, Ramos, Rockwell, Josh Reid, Robert Murnane, and Debra March's (collectively "defendants") second motion to dismiss. (ECF Nos. 15, 19, 20, 21). Moers filed a response. (ECF No. 22). Brabenec, Fenema, Johnston, Peters, Ramos, Rockwell, Reid, and March filed a reply. (ECF Nos. 29, 30, 33).

Also before the court is defendants' first motion to dismiss. (ECF Nos. 4, 5, 6, 7). Moers filed a response (ECF Nos. 16, 17), to which defendants' replied (ECF Nos. 25, 26, 27, 28).

**I.  Facts**

This action involves the termination of the City of Henderson's former chief of police. (ECF No. 1-1). The complaint contains the following allegations:

In 2012, Moers was appointed chief of police of the City of Henderson. *Id*. During Moers' tenure as chief of police, city attorney Reid threatened to terminate Moers on the following occasions: (1) in January 2014, for refusing to disclosed the contents of a sealed investigation; (2) on February 25, 2014, for refusing to "take care" of a traffic ticket that city police issued to Reid's wife; and (3) on August 8, 2014, for refusing to help the assistant city manager from getting out of a DUI. *Id*.

The years following the incidents with Reid also included various points of conflict that turned Moers into a politically undesirable chief of police. The main events are as follows:

In April 2016, Moers received a complaint from a female employee that the deputy police chief, Peters, made sexual statements in her presence. *Id*. When Moers requested a formal investigation, city manager Murnane and human resources director Fenema refused, stating that they did not want an investigation of a high-ranking police officer to go public during March's election campaign for mayor. *Id*.

In January 2017, Moers published crime statistics from the Henderson Police Department showing a sharp increase in crime. *Id*. As a result, Murnane accused Moers of releasing the statistics in an effort to undermine March's election campaign. *Id*.

In April 2017, Moers agreed to support the Friends of Henderson police foundation by allowing the foundation to use his image and a statement of support on postcards. *Id*. Thereafter, Murnane told Moers that March had a competing foundation and that she would not tolerate any competition from Moers. *Id*.

On April 12, 2017, March called Moers and directed him to engage in various actions that were either unlawful or inconsistent with his duties as a police officer. *Id*. Moers declined to obey March's requests. *Id*. March responded by threatening to punish Moers for his refusal to comply. *Id*.

Ultimately, March concocted a scheme to get employees of the Henderson Police Department to file complaints against Moers so as to force his termination. *Id*. On May 9, 2017, in furtherance of March's scheme, Ramos, Rockwell, and Brabenec submitted false complaints of sexual harassment and hostile work environment against Moers. *Id*. Over the next few

**James C. Mahan**
**U.S. District Judge**

- 2 -

| | |
|---|---|
| 1 | weeks, Reid and Murnane conducted an investigation in which they interrogated Moers and |
| 2 | placed him on administrative leave. *Id*. |

On May 31, 2017, Moers received a written notice of termination for sexual harassment of two employees and creating a hostile work environment. *Id*. On that same day, Moers signed a separation agreement and release of all claims against the City of Henderson. *Id*.

On January 18, 2018, the Review Journal published an article concerning Moers' termination, stating that Moers sexually harassed a police officer for about a year. *Id*. Moers believes that the Review Journal received this information from March and other named defendants. *Id*.

On June 14, 2018, Moers initiated this action in Nevada state court. *Id*. In his complaint, Moers alleges seven causes of action: (1) defamation; (2) abuse of process; (3) intentional interference with contractual relations; (4) intentional interference with prospective economic advantage; (5) oppression under color of law pursuant to NRS 197.200; (6) violation of procedural due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; and (7) violation of the Racketeering Influenced and Court Organization Act ("RICO"). *Id*.

On July 12, 2018, defendants removed this action to federal court. (ECF No. 1.). Now defendants move to dismiss Moers' complaint. (ECF Nos. 4, 15).

**II. Legal Standard**

*a. Subject matter jurisdiction*

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

    *b. Failure to state a claim*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As a preliminary matter, the court will grant Moers' motion to extend time to file a response to the pending motion to strike in light of urgent circumstances that required Moers' counsel to attend matters in Europe. *See* (ECF No. 36). Thus, the court will treat Moers' response (ECF No. 38) as having been timely filed.

Before the court are three additional motions. First, the court will decline to strike the declarations that Moer's filed in conjunction with is response to defendants' second motion to dismiss. Second, the court will dismiss without prejudice Moers' first, second, third, fourth, fifth, and seventh claims for lack of jurisdiction pursuant to NRS 41.0337. Lastly, the court will dismiss with prejudice Moers' sixth claim pursuant to the separation agreement.

    *a. Motion to Strike*

Brabenec, Fenema, Johnston, Peters, Ramos, and Rockwell argue that the court should strike Bobby Long and Moers' declarations (ECF Nos. 23, 24) which Moers filed in conjunction

- 5 -

with his response to defendants' second motion to dismiss. (ECF No. 31). Specifically, the movants argue that the declarations contain irrelevant statements that are inadmissible under the Federal Rules of Evidence.

As the declarations concern the circumstances surrounding Moers' termination, the court does not find that the declarations are irrelevant. *See* (ECF Nos. 23, 24). Moreover, the Federal Rules of Evidence do not govern the admissibility of evidence that parties bring forth while briefing a motion to dismiss. *See generally* Fed. R. Evid. 1101. Accordingly, the court will deny Brabenec, Fenema, Johnston, Peters, Ramos, and Rockwell's motion to strike.

### b. Subject matter jurisdiction

NRS 41.0337 provides that no tort action may be brought against state employees for acts within their public duties "unless the State or appropriate political subdivision is named a party defendant under NRS 41.031." However, because the State cannot be a proper defendant to a 42 U.S.C. § 1983 action, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64–70 (1989), NRS 41.031 and NRS 41.0337 necessarily do not apply to 42 U.S.C. § 1983 claims.

Moers asserts seven claims, but the complaint identifies only the sixth cause of action, violation of due process, as a claim pursuant to 42 U.S.C. § 1983. (ECF No. 1-1). Thus, Moers necessarily asserts the remaining claims pursuant to NRS 41.031(1)'s waiver of sovereign immunity from liability in civil action. Accordingly, because Moers has failed to name "the State or appropriate political subdivision" as a defendant, the court will dismiss without prejudice Moers' first, second, third, fourth, fifth, and seventh causes of action for lack of jurisdiction.

### c. Procedural due process

Defendants' argue that Moers has failed to state a claim for violation of procedural due process because Moers signed a separation agreement that released all claims against the City of Henderson, including its agents, employees, and representatives. (ECF No. 4).

When a separation agreement is clear and unambiguous, contract construction is a question of law and suitable for determination by a motion to dismiss. *See DesAutel v. Tetra Tech EC, Inc.*, 549 Fed. Appx. 668, 669 (9th Cir. 2013) (unpublished). Nevada's longstanding

James C. Mahan
U.S. District Judge

- 6 -

policy is to interpret and enforce contracts based on their written language, reading words in their usual and ordinary meaning. *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004); *see also Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013).

Here, Moers voluntarily entered into a separation agreement with the City of Henderson, which included a release of liability and waiver of claims. (ECF No. 1-1). The pertinent provision of the contract reads:

> Employee specifically acknowledges and agrees that by executing this Agreement he is releasing any and all "claims" against the City. This means that with the exception of any rights that Employee may have under any workers' compensation laws or City health insurance or disability plans, Employee irrevocably and unconditionally releases an discharges the City and each of the City Councilmembers, agents, employees, representative, attorneys, and all persons acting through or in concert with any of them (jointly, the "Releasees"), from any and all matters, causes of action, charges, complaints, claims, damages, demands, debts, liabilities, controversies, judgments, suits and expenses (including attorney's fees and costs actually incurred) from any nature, character, or description whatsoever, whether known or unknown, arising from or relating to, directly or indirectly with his employment with and separation from the City.

(ECF No. 4-1).

This provision clearly and unambiguously releases liability for all claims against the City of Henderson and its employees, except for any rights Moers may have under workers' compensation laws or city health insurance/disability plans. Therefore, because the separation agreement bars all seven of Moers' claims, the court will dismiss with prejudice Moers' sixth cause of action.[1]

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Moers' motion to extend (ECF No. 36) be, and the same hereby is, GRANTED.

---

[1] The court acknowledges that, if Moers' had named a proper political subdivision as a defendant so that the court would have jurisdiction over Moers' first, second, third, fourth, fifth, and seventh claims, the court would dismiss those claims with prejudice pursuant to the separation agreement.

James C. Mahan
U.S. District Judge

- 7 -

1       IT IS FURTHER ORDERED that Brabenec, Fenema, Johnston, Peters, Ramos, and Rockwell's motion to strike (ECF No. 31) be, and the same hereby is, DENIED.

      IT IS FURTHERE ORDERED that defendants' second motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED, consistent with the foregoing.

      IT IS FURTHER ORDERED that defendants' first motion to dismiss (ECF NO. 4) be, and the same hereby is, GRANTED, consistent with the foregoing.

      The clerk shall enter judgment accordingly and close the case.

      DATED January 10, 2019.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE